Womack *v.* Connor.

Opinion delivered February 25, 1905.

Appeal—order of transfer.—An order transferring a cause from the chancery to the circuit court is not a judgment from which an appeal may be taken.

Appeal from Crittenden Chancery Court.

Edward D. Robertson, Chancellor.

Appeal dismissed.

## STATEMENT BY THE COURT.

This suit was begun in the chancery court of Crittenden County by the filing of the complaint, and the issuance of a summons on the 25th day of October, 1901. On the 22d day of February, 1902, the defendants filed their answer to the complaint. Testimony was taken in the form of depositions, and the case was ready for trial on the merits. On the 26th day of September, 1902, the cause was heard on the motion of the defendants to transfer the same from the chancery court to the circuit court. The motion was argued, and the court sustained it, and transferred the cause to the circuit court, and directed the clerk to transmit the pleadings and process and certified copies of the entries upon the minutes of the court, to be made parts of the record of the circuit court. The plaintiff at the time objected, and excepted to the order of the court, and noted his exceptions. Thereupon he prayed an appeal from the order transferring the cause to the circuit court, and his application was refused.

On the 14th day of November, 1902, the plaintiff presented a transcript of the record, and made application to the clerk of this court for an appeal from the order transferring the cause, and the appeal was granted.

The question here is on motion to dismiss the appeal.

*Randolph & Randolph,* for appellant.

The appeal to this court was properly taken. Kirby's Dig. § 1188; 23 Ark. 601; 25 Ark. 129, 428; 28 Ark. 92; 38 Ark. 477; 34 Ark. 560; 27 Ark. 59; 52 Ark. 376. The transfer to the law docket was error. Kirby's Dig. § § 5991, 5993, 1282; 31 Ark. 422; 32 Ark. 562; 51 Ark. 235; 60 Ark. 70; 26 Ark. 54; 52 Ark. 415; 1 Pom. Eq. § 129; 4 Ark. 302; 8 Ark. 57; 32 Ark. 489; 158 U. S. 375; Kirby's Dig. § § 6517, 6518. Any owner claiming title may bring the suit in equity, though he is not in actual possession of the lands, and he may bring it against any claimant, claiming an adverse title. Kirby's Dig. § 6137; 41 Ark. 17; 46 Ark. 132; Wood, Lim. 512; Buswell, Lim. § § 306-310; 30 Mich. 237; 21 Miss. 383; 20 Ark. 547; 68 Ark. 150; 70 Ark. 157; 65 Ark. 422; 69 Ark. 34; 71 Ark. 390; 60 Ark.

—12

168; 67 Ark. 412. The chancery court only had jurisdiction. 5 Cyc. 951; 1 Story, Eq. § § 609-623; S. & W. Trial Land Titles, 109, 865; 3 Story, § § 1378, 1384; 11 Ark. 304; 2 Pom. Eq. § § 807, 821; 1 Id. § § 110, 138, 171, 221; 3 Id. 1400; 156 U. S. 686; 57 Ark. 589. The defense of *res judicata* will be considered in a court of chancery. 41 Ark. 17, 97; 36 Ark. 456; 38. Ark. 181; 35 Ark. 478; 52 Ark. 290; 31 Ark. 528; 43 Ark. 296.

Wood, J., (after stating the facts.) Section 1188, of Kirby's Digest, is as follows: "The Supreme Court shall have appellate jurisdiction over the final orders, judgments, and determinations of all inferior courts of the State in the following cases and no others: First. In a judgment in an action commenced in the inferior courts, and upon the appeal from such judgment to review any intermediate order involving the merits and necessarily affecting the judgment. Second. In an order affecting a substantial right, made in such action, when such order, in effect, determines the action and prevents a judgment from which an appeal might be taken, or discontinues the action; and when such order grants or refuses a new trial, or when such order strikes out an answer, or any part of an answer, or any pleading in any action."

No judgment has been rendered in the cause in the lower court; hence no right of appeal lies under the first subdivision. Does the right of appeal lie under the second subdivision? The order of transfer to the circuit court affects a substantial right in the action, but it is not such an order as determines in effect the action, and prevents a judgment from which an appeal might be taken. The order does not discontinue the action; it discontinues it in the chancery court, but the action under the order *continues* in the circuit court until it is disposed of there. The order does not abate the action; it merely transfers it to another forum. The right of appeal is regulated by the statute, and the statute must be followed.

We are, therefore, of the opinion that the appeal herein is premature. If the order of the court is erroneous, it can be corrected on appeal from the final judgment when taken. See 1 Crawford's Digest, Appeal and Error, I, d.

The appeal is therefore dismissed.