## NICHOLAS v. BRIGHT.

### Opinion delivered May 22, 1922.

1. APPEAL AND ERROR—APPEAL FROM ORDER TRANSFERRING CAUSE.— An order transferring a cause from the circuit court to the chancery court is not a final order or judgment from which an appeal can be taken.

2. TRIAL—CROSS-COMPLAINT—DIRECTION OF VERDICT.—In an action on a note where defendant prayed for judgment over against third persons claimed by him to have agreed to pay the note, but it was admitted that the note was his personal obligation, and he offered no evidence to establish his claim against such third persons, the court did not err in directing a verdict for plaintiff.

Appeal from Arkansas Circuit Court, Southern District; *George W. Clark*, Judge; affirmed.

*Botts & O'Daniel*, for appellant.

*Rose, Hemingway, Cantrell & Loughborough*, for appellee, Bright.

1. Appellant's answer does not deny the execution and delivery of the note to Bright, nor that it was past due and unpaid. The court's instruction was right. 133 Ark. 105, 111. A corporation is bound only by its own contracts, not by members thereof acting in their private capacity. 37 Ark. 164.

2. After Lambert, Roan and Hollis, by their consent, were made parties, it was not proper to transfer the entire cause to equity. Bright's action could not be delayed by an independent controversy between appellant and these parties. C. & M. Digest, § 1204, subdiv. 3. The cross-complaint was no defense against the original complaint. 31 Ark. 345, 349.

3. There was no error in withdrawing the case from the jury and directing the verdict for the plaintiff against Nicholas. 75 S. E. 588; 73 Ark. 561; 76 *Id*. 520; 89 *Id*. 24; 97 *Id*. 438; 103 *Id*. 401; 104 *Id*. 267; 67 *Id*. 147; 90 *Id*. 439.

4. And the cause was properly transferred to equity for disposition of the issues between Nicholas and the other parties. 36 Ark. 228, 236.

HUMPHREYS, J. Appellee, R. C. Bright, instituted suit against appellant, J. P. Nicholas, in the Arkansas County Circuit Court, Southern District, to recover $593.78, upon the following promissory note:

"Stuttgart, Ark., September 1, 1917.

"Sixty days after date, for value received, I promise to pay to the order of R. C. Bright $500 five hundred and no-100 dollars. Payable at the Southern Trust Company, Little Rock, Ark., with interest at the rate of eight per cent. per annum from date until paid. Interest payable semi-annually, or to become as principal and bear same rate of interest. The makers and endorsers severally waive presentment and protest.

"(Signed)    J. P. NICHOLAS."

Appellant interposed the defense that, while he signed the note individually, it was in fact not his obligation but the obligation of the Nicholas Pump & Well Company, which had been organized to take over the assets and liabilities of the Nicholas-Brown Pump & Well Company, theretofore operating in said county; that M. C. Hollis, Albert Lambert and Frank Roan were promoters of the Nicholas Pump & Well Company and became stockholders therein and agreed to finance said corporation; that in process of the formation of said corportion it became necessary to have $500 with which to pay the labor bills and pressing accounts of the Nicholas-Brown Pump & Well Company; that it was agreed by all the parties to the new corporation that appellant should sign the note, but that Hollis, Lambert and Roan should advance the money to pay it; that appellee R. C. Bright

knew of and acquiesced in the arrangement; that, after the new corporation was organized, the old corporation, of which appellant was manager, turned over to the new corporation accounts, tools, shop, pump, well material and construction contracts worth $20,000; that Hollis, Lambert and Roan refused to furnish capital for the new corporation, which prevented it from operating, to appellant's damage in the sum of $10,000. Appellant prayed that his answer be treated as a cross-bill against M. C. Hollis, Albert Lambert and Frank Roan, and for judgment over against them for said sum, and for the amount of the note in case R. C. Bright should recover personal judgment thereon against him. By consent M. C. Hollis, Albert Lambert and Frank Roan were made parties, and M. C. Hollis filed a separate answer denying that he was indebted to appellant growing out of the organization of the Nicholas Pump & Well Company, or upon the note executed by appellant to appellee R. C. Bright, stating that at the request of Nicholas, who was badly in need of funds, he telephoned R. C. Bright, who was a very close personal friend, requesting him to loan the appellant $500, which was done; that it was not his obligation, or the obligation of the new corporation, as alleged in appellant's cross-complaint.

The cause was submitted upon the pleadings and evidence, which resulted in a directed verdict in favor of appellee R. C. Bright against appellant for the amount of the note, together with interest and costs, and a transfer of the cause upon the cross-complaint to the chancery court, from which is this appeal.

The undisputed evidence showed that appellee R. C. Bright had no connection whatever with either the old or new corporation; that he knew nothing concerning the transaction between the corporation, or between appellant, Hollis, Lambert and Roan, with reference to the organization of the new corporation or the purposes for which it was organized; that he loaned $500 to appellant through the recommendation of M. C. Hollis; that Hollis

'phoned him that Nicholas wanted $500, stating what security he could give; that he authorized Hollis to take a note and mortgage on a rice crop and draw draft on him in favor of J. P. Nicholas, with note and mortgage attached; that some thirty days after the note was executed appellee R. C. Bright was informed that the Nicholas Pump & Well Company had been organized to take over the business of the old corporation, and was invited to take stock in it, which he declined to do. Testimony was introduced responsive to the issue joined upon the cross-complaint and answer thereto, which appellant claims conclusively established his right to judgment against the defendants in his cross-bill. We deem it unnecessary to set out or discuss this evidence, as his cause of action upon his cross-complaint was transferred to the chancery court. It is true the cause was transferred over appellant's objection, but it was not a final order or judgment from which an appeal could be taken. This court said, in the case of *Womack* v. *Connor*, 74 Ark. 352, concerning an order transferring a case from the chancery to the circuit court, that "the order of transfer to the circuit court affects a substantial right in the action, but it is not such an order as determines in effect the action, and prevents a judgment from which an appeal might be taken. The order does not discontinue the action; it discontinues it in the chancery court, but the action under the order continues in the circuit court until it is disposed of there. The order does not abate the action; it merely transfers it to another forum. * * * * If the order of the court is erroneous, it can be corrected on appeal from the final judgment when taken."

Appellant contends that the judgment in favor of appellee against him should be reversed because the court, in the midst of the evidence, peremptorily instructed the jury and thereby prevented appellant from developing the issues fully between appellee and appellant. There is nothing in the record to indicate whether the evidence had been closed when the court instructed a verdict for

appellee in the amount claimed. The transcript shows that, just after J. P. Nicholas was asked, on cross examination, whether the note sued upon was his personal obligation to Bright, which question was answered by him in the affirmative, the court instructed the verdict, and that thereupon counsel for the appellant objected and excepted to the ruling of the court. The objection was general, and not specific. The court was not informed that appellant had further testimony to introduce responsive to the issue between appellant and appellee; nor did appellant offer to introduce further testimony tending to establish the defense interposed by him. All the parties to and connected with the execution of the note had testified fully. There was no conflict in their evidence, and the effect thereof showed that the note was the personal obligation of appellant, J. P. Nicholas, so far as R. C. Bright, the payee, was concerned. The issue joined in the cross-complaint and answer thereto was independent of and collateral to the issue joined in the original complaint and answer thereto. This being so, it was not error to render a judgment upon the main issue, as it did not in any wise prejudice the rights of the parties in the cross-complaint. It is provided in the third subdivision of section 1204 of Crawford & Moses' Digest that "the filing and prosecution of the cross-complaint shall not delay the trial and decision of the original action, when a judgment can be rendered therein that will not prejudice the rights of the parties to the cross-complaint."

The judgment is therefore affirmed.