Worth Ins. Co. *v.* Mrs. Tommy Patching and Helena National Bank

5-4003      410 S. W. 2d 125

Opinion delivered December 12, 1966
[Rehearing denied January 30, 1967.]

*N. M. Norton,* for appellant.

*David Solomon,* for appellee.

Osro Cobb, Justice. On September 2, 1964 appellant wrote and delivered its policy of insurance, including coverage of claims for collision damages, upon an automobile owned by appellee Mrs. Tommy Patching, and financed by appellee Helena State National Bank. On November 12, 1964 appellant elected to cancel the policy. Appellant allowed a credit for the unearned premium in its settlement of accounts for November with its general agent, Kidder Insurance Company, Inc. of Fort Smith. Instead of remitting the premium refund to appellees, Kidder Insurance Company, Inc. remitted to an insurance agent, John Coates, who did not pay over the cancellation premium refund to appellees until August, 1965. In the meantime, on June 19, 1965, the insured car was involved in a collision, being damaged in the amount of $1,325.00, for which claim was asserted and suit subsequently filed.

Appellant answered claiming delivery of the policy

to John Coates in the capacity as agent for appellees; that the policy had been cancelled and was not in effect, and that notice of loss was not given pursuant to the terms of the policy.

Appellant moved for leave to file a cross-complaint against its general agent Kidder Insurance Company, Inc. praying judgment against the cross-defendant for any amount for which appellant be found liable to appellees. Appellees resisted the motion to bring in additional parties. We quote from appellees' responsive pleading:

"That the subject matter of this action is in contract and the statutes of the State of Arkansas do not permit Third Party pleadings such as are being sought in this case. Petitioners state that their allegations are that they entered into a contract with the Defendant and are not a part of any contract or action between the Defendant and any of its agents or contractees."

"WHEREFORE, Plaintiffs pray that the motion for permission to file a cross complaint in this cause be denied, and for such further relief as they might be entitled in the premises."

Following hearing the Court denied appellant's motion for leave to file the cross-complaint. It is from this action that the appeal has been prosecuted.

Neither party has raised the question as to whether the order of the trial court is appealable. This question is jurisdictional and we reach it on our own motion in disposing of this case.

Under the statute we are limited to reviewing final judgment and decrees. Ark. Stat. Ann. § 27-2101 (Repl. 1962).

In *Piercy* v. *Baldwin*, 205 Ark. 413, 168 S. W. 2d 1110 (1943), we said:

"* * * The order from which this appeal comes is in no sense a final order, from which an appeal may be prosecuted. In effect, the order continues the cause during the military service of appellee, Luther Baldwin, and for three months thereafter. The cause has not been tried on its merits, but is still pending. In *Harlow* v. *Mason,* 117 Ark. 360, 174 S. W. 1163, this court quoting from an earlier case, said: 'A judgment to be final must dismiss the parties from the court, discharge them from the action or conclude their rights to the subject-matter in controversy. *Bank of the State* v. *Bates,* 10 Ark. 631; *Campbell* v. *Sneed,* 5 Ark. 399' ".

In *McPherson* v. *Consolidated Casualty Company,* 105 Ark. 324, 151 S. W. 283 (1912), we said:

"Cases can not be tried by piecemeal, and one can not delay the final adjudication of a cause by appealing from the separate orders of the court as the cause progresses. When a final order or judgment has been entered in the court below determining the relative rights and liabilities of the respective parties, an appeal may be taken, but not before * * *."

For analogous reasoning, see *Searcy* v. *Cooper,* 239 Ark. 280, 388 S. W. 2d 918 (1965); *Arkansas State Highway Commission* v. *W. C. Kesner, et ux,* 239 Ark. 270, 388 S. W. 2d 905 (1965).

We have concluded that the order of the trial court, here on review, is not appealable.

The appeal is dismissed.