## H. E. McCONNELL & SON, et al v. FRANCES SADLE

5-5339 455 S. W. 2d 880

Opinion delivered June 29, 1970

*Cockrill, Laser, McGehee, Sharp & Boswell,* for appellants.

*John Purtle,* for appellee.

CARLETON HARRIS, Chief Justice. This is a workmen's compensation case, being an appeal from a judgment of the Pulaski County Circuit Court, in which that court affirmed an order rendered by the commission in favor of claimant, Mrs. Frances Sadle. However, only one issue was passed upon, and the order is not reviewable because it does not constitute a final order. Mrs. Sadle filed a claim for dependency benefits alleging that she was the widow of Lou M. Sadle, who allegedly died as a result of an accidental injury in the course of his employment with H. E. McConnell & Son on February 5, 1967. The claim is controverted in its entirety by the McConnell company and its insurance carrier. However, the only question passed upon by the referee and the full commission was whether Mrs.

Sadle was the legal widow and dependent of Lou Sadle. The commission found for claimant, but held in abeyance the question of whether decedent's death arose out of and during the course of his employment. Thus, an adjudication of the one issue presented would not determine whether the claim should be allowed.

While no objections to the determination of this one phase of the litigation are raised by the parties, as pointed out in *Worth Insurance Company v. Mrs. Tommy Patching and Helena National Bank*, 241 Ark. 620, 410 S. W. 2nd 125, the want of a final order is a matter that we raise ourselves, and under Ark. Stat. Ann. § 27-2101 (Repl. 1962), we are limited to a review of final judgments and decrees. As pointed out in *Piercy v. Baldwin*, 205 Ark. 413, 168 S. W. 2d 1110, a judgment, to be final, must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject-matter in controversy. In the case before us, only one facet of the litigation has been determined. There is left for further determination the question of whether Sadle's death arose out of and during the course of his employment, and accordingly whether Mrs. Sadle is entitled to benefits, and if so, the amount of benefits.

In *McPherson v. Consolidated Casualty Company*, 105 Ark. 324, 151 S. W. 283 (1912), we said:

"Cases can not be tried by piecemeal, and one can not delay the final adjudication of a cause by appealing from the separate orders of the court as the cause progresses. When a final order or judgment has been entered in the court below determining the relative rights and liabilities of the respective parties, an appeal may be taken, but not before * * *."

It follows, from what has been said, that the case should be, and is, remanded to the Pulaski County Circuit Court (Third Division) with directions to re-

mand same to the Workmen's Compensation Commission for further development.

It is so ordered.

For good cause, we direct the issuance of an immediate mandate.