ARKANSAS SAVINGS And LOAN Association Board
*v.* CORNING SAVINGS AND LOAN Association

5-5850                                    478 S.W. 2d 431

Opinion delivered April 3, 1972

*Kenneth E. Suggs,* for appellant.

*Smith, Williams, Friday, Eldredge & Clark,* by *William L. Terry,* for appellee.

JOHN A. FOGLEMAN, Justice. Appellee filed two notices of appeal from appellant's denial of its application for a state savings and loan association charter. The first notice was filed in the Circuit Court of Clay County on August 19, 1971. The second was filed in the Circuit Court of Pulaski County on August 23, 1971. Appellant filed the transcript of the proceedings before it on September 17, 1971. On September 23, appellee filed a motion to transfer the record to the Clay Circuit Court. Appellant responded on October 13. Appellee's motion was granted on October 23. The Pulaski Circuit Court held that the Arkansas Administrative Procedure Act [Ark. Stat. Ann. § 5-701—714[1] (Supp. 1971)] supplemented but did not repeal the Arkansas Savings and Loan Act provision for appeal [Ark. Stat. Ann. § 67-1811 (Repl. 1966)] from an order of the Arkansas Savings and Loan Board, so that, under § 13 (Ark. Stat. Ann § 5-713) of the former act, the record must be transferred to the Clay Circuit Court.

Appellant's appeal from that order is based upon its argument that Ark. Stat. Ann. § 5-713 did not confer jurisdiction upon any circuit court outside Pulaski County because "full jurisdiction" of such appeal is conferred upon the circuit court of the latter county by § 67-1811, and that § 5-713 is controlling for venue purposes only, so that a notice of appeal could properly be filed in the Circuit Court of Clay County but that exclusive jurisdiction of the appeal remained in the Circuit Court of Pulaski County.

The order of transfer is not an appealable order. It is somewhat analagous to an order for a change of venue which we have held was not appealable. *State* v. *Langstaff*, 231 Ark. 73, 332 S.W. 2d 614. It is also in many respects similar to an order transferring a cause from the circuit court to the chancery court which we have also held was not appealable, even though it affects a substantial right, because it does not determine or discontinue the action or prevent an appealable judgment, but only transfers the cause to another forum where it continues until disposed of. *Womack* v. *Connor,* 74 Ark. 352, 85 S.W. 783; *Johnson* v. *Plant,* 207 Ark. 871, 181 S.W. 2d 240; *Vaughan* v. *Hill,* 154 Ark. 528, 242 S.W. 826.

---

[1]Ark. Stat. Ann. § 5-704 has been repealed by Acts 1969, No. 495, § 2.

We have also said that an appeal will not lie from an interlocutory order relating only to some question of law or matter of practice in the course of the proceeding leaving something remaining to be done by some court having jurisdiction to entertain the same and proceed further therewith. *Johnson v. Johnson,* 243 Ark. 656, 421 S.W. 2d 605.

Under the provisions of § 5-713, the Circuit Court of Clay County does have jurisdiction of this appeal. Filing a petition for review in that court was permissible under § 5-713(b)(1) if the parties taking the appeal did in fact reside in that county, even though they might have elected to file it in Pulaski County. The act clearly provides for the transfer made. § 5-713(e). This act provides an alternate appellate procedure and jurisdiction.

We cannot construe the words "full jurisdiction" in § 67-1811 to mean exclusive jurisdiction which is unimpaired by the later act. Nor can we agree that the words "delegation of authority" in the disclaimer by the General Assembly of any intention to repeal ( § 5-701) refer to jurisdiction placed in a court. In any event § 5-713 did not repeal the section permitting appeal to the Pulaski Circuit Court, but simply provided additional tribunals which might hear such an appeal.

We are not impressed by the argument that it was intended that a notice might be filed in another county for an appeal to the Pulaski Circuit Court. We can find no logical or rational reason for the legislature to take such a step. The provision in § 5-713(e) for filing the record in the court where proceedings for review were first commenced and for transfer of proceedings filed in other courts to that court clearly negates this idea.

We do not take Ark. Stat. Ann. § 34-201 (Repl. 1962) to fix jurisdiction rather than venue or to be unaffected by the Administrative Procedure Act, as appellant argues.

Other arguments advanced by appellant as to the inconvenience to it and detriment to its orderly and efficient operation are matters to be addressed to the legislative branch rather than to the courts.

The question whether the order is final and subject to appeal is a jurisdictional question which we ourselves raise. *H. E. McConnell and Son* v. *Sadle,* 248 Ark. 1182, 455 S.W. 2d 880; *Worth Insurance Co.* v. *Patching,* 241 Ark. 620, 410 S.W. 2d 125.

Although appellee has attempted to waive the question of finality of the order, this court does not have jurisdiction and it cannot be conferred by consent. *Green* v. *Thomas,* 8 Ark. 56; *Hamilton* v. *Buxton,* 5 Ark. 400. See also, 4 C.J.S. 246, Appeal and Error, § 92.

Whether the question is raised by the parties or not, it is not only the power but the duty of a court to determine whether it has jurisdiction of the subject matter. 20 Am. Jur. 2d 452, Courts, § 92; 21 C.J.S. 175, Courts, § 114.

The appeal is dismissed.