Ark MONROE III, Insurance Comn'r. of
THE STATE OF ARKANSAS *v.* INSURANCE
SERVICES OFFICE OF ARK.

74-283                                    522 S.W. 2d 428

Opinion delivered April 21, 1975
[Rehearing denied May 27, 1975.]

*William H. L. Woodyard III, S. Doak Foster* and *Allan W. Horne,* for appellant.

*Wright, Lindsey & Jennings,* for appellee.

LYLE BROWN, Justice. This is an appeal by the Arkansas Insurance Commissioner (commissioner) from an order of the Pulaski Circuit Court reversing an order of the commissioner requiring Insurance Services Office of Arkansas (ISO) to reduce automobile insurance rates by specified percentages. (ISO is not an insurer. It is a statistical rating and advisory organization, or rating bureau for property and casualty lines of insurance. It gathers statistics from and files on behalf of its member-subscriber companies.) The trial court held that the commissioner has no statutory authority to reduce rates with the exception of fire insurance rates. The commissioner contends that he is charged with the responsibility of regulating private passenger automobile insurance rates "to the end that they shall not be excessive, inadequate or unfairly discriminatory". Ark. Stat. Ann. § 66-3101 (Repl. 1966). The commissioner further contends that the mechanisms to be used to enforce the aforesaid responsibility are incorporated in Ark. Stat. Ann. §§ 66-3110, 66-3111, which he says requires the insurer or rating organization to file rates with the commissioner for prior approval. The commissioner also cites Ark. Stat. Ann. § 66-3112 (Repl. 1966) which he says provides for subsequent review of a filing previously approved.

Section 66-3101 provides: "The purpose of this chapter is to promote the public welfare by regulating insurance rates to the end that they shall not be excessive, inadequate or unfairly discriminatory, and to authorize and regulate cooperative action among insurers in rate making and in other matters within the scope of this chapter. Nothing in this chapter is intended:

(1) To prohibit or discourage reasonable competition,

or

(2) Prohibit or encourage, except to the extent necessary to accomplish the aforementioned purpose, uniformity in insurance rates, rating systems, rating plans or practices. This chapter shall be liberally interpreted to carry into effect the provisions of this section."

The other two sections cited by the commissioner provide the procedure to be taken once there is a filing for proposed rates. Those sections are 66-3110 and 66-3111, and read as follows:

66-3110. (1) The Commissioner shall review filings as soon as reasonably possible after they have been made in order to determine whether they meet the requirements of this chapter.

(2) Subject to the exceptions specified in subsections (3) and (4) of this section, each filing shall be on file for a waiting period of fifteen (15) days before it becomes effective, which period may be extended by the Commissioner for an additional period not to exceed fifteen (15) days if he gives written notice within such waiting period to the insurer or rating organization which made the filing that he needs such additional time for the consideration of such filing. Upon written application by such insurer or rating organization, the Commissioner may authorize a filing which he has reviewed to become effective before the expiration of the waiting period or any extension thereof. A filing shall be deemed to meet the requirements of this chapter unless disapproved by the Commissioner within the waiting period or any extension thereof.

(3) Specific inland marine rates on risks specially rated by a rating organization shall become effective when filed and shall be deemed to meet the requirements of this chapter until such time as the Commissioner reviews the filing and so long thereafter as the filing remains in effect.

(4) Any special filing with respect to a surety or guaranty bond required by law or by court or executive order or by order, rule or regulation of a public body, not covered by a previous filing, shall become effective when filed and shall be deemed to meet the requirements of this chapter until such time as the Commissioner reviews the filing and so long thereafter as the filing remains in effect.

66-3111. (1) If within the waiting period or any extension thereof as provided in section 243 (2) [§ 66-3110(2)], the Commissioner finds that a filing does not meet the requirements of this chapter, he shall send to the insurer or rating organization which made such filing, written notice of disapproval of such filing specifying therein in what respects he finds the filing fails to meet the requirements of this chapter and stating that such filing shall not become effective.

(2) If within thirty (30) days after a specific inland marine rate on a risk specially rated by a rating organization subject to section 243 (3) [§66-3110(3)] has become effective, or if within thirty (30) days after a special surety or guaranty filing subject to section 243 (4) [§66-3110(4)] has become effective, the Commissioner finds that such filing does not meet the requirements of this chapter, he shall send to the insurer or rating organization which made such filing written notice of disapproval of such filing specifying therein in what respects he finds that such filing fails to meet the requirements of this chapter and stating when, within a reasonable period thereafter, such filing shall be deemed no longer effective. The disapproval shall not affect any contract made or issued prior to the expiration of the period set forth in the notice.

We agree with the trial court that there is nothing in the recited three sections which gives the commissioner the power to fix a specified rate. In addition to the fact that no such specific authority is given, we think it is highly persuasive that the insurance code specifically provides that the commissioner may reduce fire rates but does not designate

such authority for any other field of insurance. See Ark. Stat. Ann. § 66-3106 (Repl. 1966) which gives the commissioner the authority to adjust fire insurance rates.

There are two cases which are fairly well in point and which hold as we do. The first case is a 1975 Oklahoma case, *Insurance Services Office* v. *State Board*, 530 P. 2d 1359. Our chapter on insurance rates and rating organizations appears to be very similar to the statutes under which Oklahoma operates. The principal question in that case was the same as here, namely, the power of the Board of Insurance of Oklahoma to fix casualty insurance rates. The Oklahoma court said:

> The Board does not have rate making or rate fixing powers and authority as to casualty insurance and all forms of vehicle insurance on risks or operations in this state. The Board does have authority to disapprove, during the waiting period, a filing; or order the discontinuance of the use of a rate in effect after investigation, proper hearing with notice and a determination in the rate is not in accordance with the terms of the Act.

* * * *

> It seems admitted that in the Casualty Rating Act, the legislature did not specifically grant to the Board rate fixing authority. The Board argues, however, that because the legislature prescribed guidelines and framework within which rates should be considered neither inadequate or excessive the power to fix rates was thereby created impliedly in the Board. Such argument overlooks the specific provisions in the Act which provide the method by which the Board shall proceed to apply such guidelines. The existence of guidelines is the legislatively delegated authority upon which the Board acts when it disapproves or suspends a rate. The existence in the Act of specific authority to disapprove a proposed rate or to suspend from continuing effectiveness an existing one excludes any implication of an additional power in the Board to fix a rate itself as it has attempted to do in this proceeding. The legislature in-

tended what was expressed in the Act and nothing more.

The State of Wisconsin has a law the substance of which is no different from the substance of our own statute. *Fire Insurance Rating Bureau* v. *Rogan, Commissioner*, 4 Wis. 2d 558 (1958) was a case adjudicating the proposition that under insurance regulatory statutes such as we have, the Commissioner of Insurance in Wisconsin has no authority whatever to promulgate, prescribe, or fix insurance rates. In that case the parties, i.e., The Rating Bureau and The Commissioner of Insurance agreed both with the circuit court and the Supreme Court in Wisconsin that the statute did "not give the commissioner authority to establish rates". In addition, the Supreme Court of Wisconsin stated that it could not "find in the statute any authority for this court to determine rates or the percentages to be used for any of the factors necessary to determine a fair and reasonable rate".

Our holding does not prevent the commissioner, when he specifies the respects in which he finds that a rate filing fails to meet statutory requirement, from stating the effect of those factors on the rates filed, both as to manner and extent.

Affirmed.