TRAVELERS INDEMNITY COMPANY *v.*
Ark MONROE, III, INSURANCE COMMISSIONER
of The STATE of Arkansas

74-326                                                  522 S.W. 2d 431

Opinion delivered April 21, 1975
[Rehearing denied May 27, 1975.]

*Wright, Lindsey & Jennings,* for appellant.

*William H. L. Woodyard III, S. Doak Foster* and *Allan W. Horne,* for appellee.

JOHN A. FOGLEMAN, Justice. In this case, the Insurance Commissioner, after holding a hearing relative to previously approved rate filings of The Travelers Indemnity Company for voluntary private passenger automobile coverages of bodily injury and property damage liability, medical payments and physical damage, purportedly acting pursuant to Ark. Stat. Ann. §§ 66-3107, 66-3112 (Repl. 1966) and other provisions of the Arkansas Insurance Code and Ark. Stat. Ann. § 5-708, 709 (Supp. 1973) and other provisions of the

Arkansas Administrative Procedure Act, issued his order directing reduction of the rate of Travelers voluntary private passenger automobile coverages of bodily injury and property damage liability and medical payments by 17% and physical damage by 17.7% effective May 1, 1974. Upon review, the circuit court held that the commissioner had the authority to make the order, but found no substantial evidence to support the commissioner's order, even though he did find a preponderance of substantial evidence to justify a premium rate reduction of 10%, and entered judgment accordingly.

The judgment in this case must be reversed for the same reason that we today affirm the judgment of the circuit court in *Monroe v. Insurance Services Office of Ark.*, 257 Ark. 1018 522 S.W. 2d 428 (1975). In view of this reversal, we feel that it is appropriate that we decide another question raised on cross-appeal. The trial court held that its judicial review was governed by Ark. Stat. Ann. § 66-3134 (Repl. 1966) and not by Ark. Stat. Ann. § 5-713 (Supp. 1973). Under the circumstances prevailing here, we agree with the circuit judge.

After the Insurance Commissioner's order was entered, Travelers filed a petition for review in the Circuit Court of Pulaski County, alleging that its motion for appeal had been filed with the appellee, and a transcript of the proceeding filed with the Clerk of the Circuit Court, but appellee had asserted that the exclusive procedure for judicial review was prescribed by Ark. Stat. Ann. § 5-713. Appellant then stated that this petition was filed without conceding that appellee was correct in his contention. The record sustains appellant's allegations.

We reject appellee's argument on this point without hesitation. He contends that § 66-3134, a section of the Insurance Code enacted in 1959 is in irreconcilable conflict with the Administrative Procedure Act [Ark. Stat. Ann. § 5-701 et seq (Supp. 1973)] enacted in 1967, and thereby repealed. However desirable this result might be, without considering the effect of a general act on a special act or of a special act on a general one, the legislative intent is clear to us. The plain words of the Administrative Procedure Act in Ark. Stat. Ann. § 5-713, covering judicial review of an ad-

judication by an agency subject to the act, are, "Nothing in this Section shall be construed to limit other means of review provided by law." If words have not lost their meaning, this sentence means exactly what it says and appellant was entirely within its rights when it sought judicial review under the appropriate Insurance Code Section. In *Arkansas Savings & Loan Assn. Bd.* v. *Corning Savings & Loan Assn.*, 252 Ark. 264, 478 S.W. 2d 431, the circuit court from which the appeal from action of the board was taken had held that the Arkansas Administrative Procedure Act supplemented but did not repeal Ark. Stat. Ann. § 67-1811 (Repl. 1966), governing appeals from the action of that board. We said there that the Administrative Procedure Act provided an alternate appellate procedure and jurisdiction, and did not repeal § 67-1811.

The judgment is reversed on appeal and affirmed on cross-appeal.