W. W. STURGEON *v.* AMERICAN FAMILY
LIFE ASSURANCE COMPANY OF COLUMBUS,
GEORGIA

CA 79-128

Opinion delivered October 24, 1979
and released for publication November 16, 1979

*Schieffler & Yates,* for appellant.

*David Solomon,* for appellee.

DAVID NEWBERN, Judge. This case was appealed to the Arkansas Supreme Court and assigned to the Court of Appeals pursuant to Supreme Court Rule 29(3).

We are asked to decide whether an order characterizing a complaint as one in contract and not in tort is a final order and thus whether it is appealable. The complaint was stated

in several paragraphs, alleging these theories in the alternative. If we say the order is appealable, then we are asked to decide the closely related question whether the complaint stated a cause of action in tort and whether objections to interrogatories and requests for admission bearing on punitive damages should have been sustained.[1]

Mr. Sturgeon, the appellant, purchased a cancer insurance policy from the appellee insurance company. The complaint alleges that agents of the company told Mr. Sturgeon the policy would pay if he were diagnosed as having cancer regardless of other benefits he might have. Mr. Sturgeon was hospitalized with cancer of the larynx. On several occasions his hospitalization and treatment occurred at a Veterans' Administration hospital. The company refused to pay, and Mr. Sturgeon contends he has causes of action against the company for breach of contract and alternatively for the tort of deceit. Presumably in connection with his claim for punitive damages under his tort theory, Mr. Sturgeon submitted several interrogatories and requests for admission dealing with the financial condition of the company. The company objected, and the court held a hearing on the matter.

The hearing resulted in an order by the court saying Mr. Sturgeon's complaint was one in contract and not in tort. It also sustained the objections to the interrogatories and requests for admission. We hold the order characterizing the complaint as one in contract and not in tort is appealable. We do not decide whether the discovery order was appealable, but we presume that because we do find Mr. Sturgeon has stated a cause of action for deceit, the part of the order denying the discovery requests will be reconsidered upon remand.

The question of finality of an order, and thus its appealability, is seldom easy. The Arkansas Supreme Court has been fairly consistent, at least in the language it has used to describe an appealable order. It has said, "a judgment, to

[1]We use the term "cause of action" rather than "claim upon which relief may be recovered" because this case was filed long before July 1, 1979, the effective date of the Arkansas Rules of Civil Procedure.

be final, must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy." *McConnel & Son* v. *Sadle,* 248 Ark. 1182, 455 S.W. 2d 880 (1970). That language is typical of the Arkansas cases, some of which are cited later in this opinion. The part of that disjunctive statement we believe to have been overlooked by the appellee is the last part. When an order, as a practical matter, concludes the rights of the parties to the subject matter in controversy, it is appealable. The order in this case clearly had the effect of dismissing the appellant's tort claim and thus concluding his rights on that matter.

Each of the cases cited by the appellee is distinguishable. In *Worth Insurance Co.* v. *Patching,* 241 Ark. 620, 410 S.W. 2d 125 (1966), the court refused to allow a defendant to file a third party claim. That decision did not conclude any rights as between the parties to that action. In *Johnson* v. *Johnson,* 243 Ark. 656, 421 S.W. 2d 605 (1968), the court had only denied a defendant's motion to dismiss, thus leaving unresolved the issues the defendant would have had the court conclude. In *Burney* v. *Hargaraves, Judge,* 264 Ark. 680, 573 S.W. 2d 912 (1978), the court again, rather than dismissing the claim, refused to enter a default judgment, thus leaving alive issues the plaintiff would have had concluded. In *McConnel & Son* v. *Sadle, supra,* the court had decided only one issue of several necessary to determine the outcome of a workers' compensation claim. No aspect of the claim had been dismissed.

Certainly it could be argued that in each of these cases, and indeed in any case, where something has been decided it may affect some right of a party and be final to that extent. Yet if all interlocutory decisions were appealable, litigation would be truly interminable. That is the problem the U.S. Supreme Court wrestled with in *Gillespie* v. *U.S. Steel Corp,*. 379 U.S. 148, 85 S.Ct. 308 (1964). The Supreme Court in that case recognized that there could be equally strong arguments on both sides of such cases.

We might have more difficulty with this case were it not for a remarkably similar case decided by the Arkansas Supreme Court just last year. In *Findley* v. *Time Insurance Co.,*

264 Ark. 647, 573 S.W. 2d 908 (1978), an insured sued his insurer. Part of the complaint was in tort. The trial court sustained a demurrer to the tort claim, leaving the remainder of the case untried. In holding the order of dismissal of the tort claim appealable, the court simply cited Ark. Stat. Ann., § 27-2101(2) (Supp. 1977), now (Repl. 1979), which says, in part:

> The Supreme Court shall have appellate jurisdiction over the final orders, judgments and determinations of all inferior courts of the State, in the following cases and no other:
>
> * * * *
>
> Second: In an order affecting a substantial right made in such action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken, or discontinues the action; and when such order grants or refuses a new trial, or when such order strikes out an answer, or any part of an answer, or any pleading in an action.

We hold this case is at least analogous to the *Findley Case* and that the statute is equally controlling here. The order in the case before us was tantamount to the dismissal in *Findley* and to the striking out of a pleading or part of a pleading mentioned in the statute.

The appellant has stated a cause of action in tort. Unlike the plaintiff in the *Findley Case* who was suing his insurer for "bad faith" resulting from its failure to pay an allegedly valid claim, Mr. Sturgeon has filed a complaint which we find to contain all the elements of the cause of action for deceit, a well recognized common law tort. See, *e.g.*, *Ray Dodge, Inc.* v. *Moore*, 251 Ark. 1036, 479 S.W. 2d 518 (1972), and *Cockrum* v. *Pattillo*, 246 Ark. 594, 539 S.W. 2d 632 (1969). See also, Prosser, *Law of Torts*, p. 685 (4th ed., 1971).

Although problems may or may not arise later in this case with respect to the need for or desirability of an election between the remedies Mr. Sturgeon has sought, we find no

reason for the court to have dismissed the tort claim at this stage of the litigation.

Reversed and remanded.