Kenneth PHILLIPS, CONTRACTORS TIRE AND
SUPPLY, INC., and Gary A. JOHNSON *v.*
TIRES, TUBES, WHEELS, INC.

81-149                              625 S.W. 2d 449

Supreme Court of Arkansas
Opinion delivered November 30, 1981

*Gayle D. Zimmerman,* for appellants.

*Arnold, Hamilton & Streetman,* for appellee.

RICHARD B. ADKISSON, Chief Justice. Appellee, Tires, Tubes, Wheels, Inc., brought suit on account and requested appointment of a receiver to preserve the assets of appellants' business.

After finding that appellants failed to comply with the Uniform Commercial Code — Bulk Transfers, Ark. Stat. Ann. §§ 85-6-101 — 109 (Add. 1961), the Ashley County Chancery Court entered an order appointing a receiver *pendente lite* as authorized by Ark. Stat. Ann. § 36-112 (Repl. 1962). This is an interlocutory appeal from that order. We affirm.

The first issue we consider is whether the trial court was correct in finding a violation of the UCC Bulk Transfers Act. Section 85-6-102 (Add. 1961) defines Bulk Transfer:

> (1)   A 'bulk transfer' is any transfer in bulk and not in the ordinary course of the transferor's business of a major part of the materials, supplies, merchandise or other inventory of an enterprise. . . .

Ark. Stat. Ann. § 85-6-104 requires that the transferor list all creditors and Ark. Stat. Ann. § 85-6-105 requires ten days notice prior to the date of sale be given to all creditors.

Between August and December, 1980, appellee sold on open account $76,718.64 worth of tires (as inventory) to appellant, Contractors Tire and Supply, owned by appellant, Phillips. In January, 1981, these appellants transferred all of the business inventory, a truck, and accounts receiv-

able to appellant Johnson, who renamed the business "Johnson Tire and Supply." Appellants admit that appellee was not given notice of the transfer as required by Ark. Stat. Ann. § 85-6-105, and that they did not list the creditors as required by Ark. Stat. Ann. § 85-6-104. The chancellor's findings that this was a bulk transfer and that there was a violation of the Act is clearly correct.

Appellants also argue that the Bulk Transfer provisions were not violated because appellee is not a "creditor" within the meaning of the Act. However, appellants did not argue this at trial and we cannot consider issues raised for the first time on appeal. *Banks v. Jones*, 239 Ark. 396, 390 S.W. 2d 108 (1965).

Appellants argue that it was error to appoint a receiver *pendente lite* as a remedy for a violation of the Bulk Transfers law because the requirements of Ark. Stat. Ann. § 36-112 were not met. This statute provides:

> In an action . . . by a creditor to subject any property or fund to his claim, . . . on the application of plaintiff or of any party whose right to or interest in the property or fund or the proceeds thereof, is probable, and where it is shown that the property or fund is in danger of being lost, removed, or materially injured, the court may appoint a receiver to take charge thereof during the pendency of the action. . . .

Since affirmative defenses of usury and a violation of the Wingo Act were raised, appellants assert that a receiver should not have been appointed because appellee's right to recovery is not probable. The chancellor made a finding that violation of the Wingo Act was not applicable since the sale was in interstate commerce. No finding was made regarding the usury question, but the invoices would seem to indicate that appellee sold its merchandise from its company offices located in Mississippi. The trial court is not required to resolve all issues going to the merits before appointing a receiver. In this case usury is a matter which the appellants must prove at the trial on the merits. In any event, this is not a case where it is immediately clear whether or not the

transaction is usurious. Under these circumstances it is not necessary that the trial court resolve this issue before appointing a receiver.

In this case the affidavit of account and the statements and invoices indicate that appellee's claim is probable. The fact that appellant Phillips transferred all of his inventory and most of the business's assets to appellant Johnson shows that the items of inventory recently sold by appellee are in danger of being lost, removed, or materially altered, particularly where the record reflects that $31,000 worth of inventory was purchased by Phillips in December, 1980, yet only $11,000 inventory was transferred to Johnson in January, 1981. Also, the trial court properly considered that at the time of the transfer the business had numerous creditors and that all were paid except appellee.

This statute providing for the appointment of a receiver is not mandatory but leaves it to the sound discretion of the court; where, as here, there is no evidence in the record showing that the trial court abused its discretion, its actions will not be disturbed. *See Federal Land Bank* v. *Duffey*, 193 Ark. 126, 97 S.W. 2d 908 (1936).

We do not reach the issue of whether a violation of the Bulk Transfers law alone would justify the appointment of a receiver *pendente lite*. But, when the Bulk Transfers law has been violated and when the requirements of Ark. Stat. Ann. § 36-112 authorizing the appointment of a receiver *pendente lite* are met, it is not error for a chancery court to appoint a receiver. *See Bornsteine* v. *Wm. R. Moore Dry Goods Co.*, 226 Ark. 746, 294 S.W. 2d 52 (1956); *Chowning, Bulk Transfers: Art. VI*, 16 Ark. L. Rev. 71 (1962).

Appellants also attempt to appeal the chancery court's refusal to transfer the case to circuit court. We have consistently held such an order is not appealable before final judgment:

[A]n order transferring a cause from circuit to chancery . . . is not appealable, even though it affects a substantial right, because it does not determine or

discontinue the action or prevent an appealable judgment, but only transfers the cause to another forum where it continues until disposed of.

*Ark. S & L v. Corning S & L,* 252 Ark. 264, 478 S.W. 2d 431 (1972); *Womack v. Conner,* 74 Ark. 352, 85 S.W. 783 (1905); *Johnson v. Plant,* 207 Ark. 871, 181 S.W. 2d 240 (1944); *Vaughan v. Hill,* 154 Ark. 528, 242 S.W. 2d 826 (1922).

Affirmed.