**Sharon BULLOCK, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

**No. 83–2663–WA.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 17, 1983.

Decided April 25, 1984.

**64**

Pryor, Robinson & Barry by Thomas B. Pryor, Fort Smith, Ark., for appellee.

Martin, Vater & Karr by Charles Karr, Fort Smith, Ark., Attys., for appellant.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and ARNOLD, Circuit Judge.

PER CURIAM.

On September 2, 1980, plaintiff Sharon Bullock was involved in a parking lot accident with another driver, Helen Odom, who was insured by the defendant State Farm Mutual Automobile Insurance Co. ("State Farm"). Convinced that Odom was at fault, Bullock submitted a claim with State Farm for damages to her car. On September 16, 1980 State Farm denied the claim based upon the claim specialist's determination that Odom was not the sole proximate cause of the accident. On October 7, 1980, State Farm further explained that the claim was denied because of Mrs. Odom's representation on September 26, 1980 that she was not at fault and that Bullock admitted "that she was in a hurry and didn't look where she was going" at the time of the accident. Bullock then filed suit against State Farm in state court seeking $500.00 in damages. The court found Odom's negligence was the proximate cause of the collision and awarded Bullock $500.00. Bullock then filed this tort action, claiming State Farm acted in "bad faith" in wrongfully refusing to investigate or settle a valid claim against an insured. Bullock

also claimed that State Farm had a policy of summarily denying claims against its insureds for damages sustained in parking lots.

In an opinion letter dated November 7, 1983, the district court[1] granted State Farm's motion for summary judgment and dismissed Bullock's claim. In doing so, the court recognized: (1) an insurer's bad faith in wrongfully refusing to investigate or settle a valid claim with its insured makes the insurer liable to the policy holder for a 12% penalty and attorney's fees. *Ark. Stat.Ann.* § 66–3238 (Supp.1977); and (2) any separate damages under the "tort of bad faith" were not recoverable unless affirmative misconduct amounting to deceit is alleged. *Sturgeon v. American Co. of Columbus,* 266 Ark. 1040, 589 S.W.2d 207, 209 (Ark.App.1979).[2] Moreover, in concluding no genuine issue of material fact existed regarding State Farm's liability the district court concluded:

"Assuming plaintiff can maintain a cause of action as a third party beneficiary of the insurance policy, for defendant's alleged bad faith failure to investigate, plaintiff offers no facts in support of her allegations....

... The uncontested facts are that at least by September 26, 1980, defendant had investigated the claim and denied plaintiff's claim on the basis of its insured's representations that she was not at fault and that plaintiff admitted fault at the time of the collision. The most that can be made of the facts presented is that defendant had not interviewed Mrs. Odom at the time it initially denied the claim on September 16, 1980, but did so only after plaintiff hired an attorney.

Regarding plaintiff's allegations that defendant has a policy of summarily denying parking lot claims, plaintiff points to the portions of the three letters from

---

1. The Honorable H. Franklin Waters, Chief United States District Judge, Western District of Arkansas.

2. Recently, in *Employers Equitable Life Insurance Co. v. J.C. Williams,* 282 Ark. 29, 665 S.W.2d 873 (1984) the Supreme Court of Arkansas stated that: "An insurance company may

incur liability for the first party tort of bad faith when it affirmatively engages in dishonest, malicious, or oppressive conduct in order to avoid a just obligation of the insured." *See also Aetna Casualty & Surety Co. v. Broadway Arms Corp.,* 281 Ark. 128, 133, 664 S.W.2d 463 (1984).

defendant quoted above wherein it is mentioned that this is a parking lot case. Plaintiff also offers a response to request for admission whereby defendant admits "that one factor considered by defendant in failing and refusing to pay plaintiff's demand was that the collision occurred on a parking lot." Presenting a question of fact that such a policy existed is meaningless unless there is a question of fact presented that the policy was utilized in this instance. The Court has found the undisputed facts to be that plaintiff's claim in this case was investigated and not summarily denied, at least as of September 26, 1980. Therefore any "policy" which may exist to summarily deny parking lot claims is not relevant after September 26, 1980.

Regarding the time period from September 16, 1980, when the claim was initially denied, and September 26, 1980, when the claim was investigated, even if there was a failure to investigate and a policy in effect to summarily deny claims, the question is moot in this case because the result would have been no different had defendant investigated earlier.

Viewing the undisputed material facts in a light most favorable to Bullock, we agree with the district court's opinion letter and therefore conclude that State Farm was entitled to judgment as a matter of law. Bullock's conclusive assertions of ultimate fact—viz., that State Farm "willfully failed to investigate [Bullock's] claim" and "acted arbitrarily and capriciously with respect to [Bullock's] claim"—were insufficient to withstand summary judgment in this case because the undisputed evidence showed that State Farm investigated Bullock's claim and denied it on the basis of the insured's representation that she was not at fault. *See Johnson v. Safeco Ins. Co. of America,* 265 Ark. 9, 576 S.W.2d 220, 222 (1979); *Findley v. Times Ins. Co.,* 264 Ark. 647, 573 S.W.2d 908, 911–12 (1978); *Robinson v. MFA,* 629 F.2d 497, 500–01 (8th Cir.1980).

AFFIRMED.