John B. DALRYMPLE, Jr. and Barbara W. Dalrymple *v.* SIMMONS FIRST NATIONAL BANK of Pine Bluff

88-127                                                    758 S.W.2d 5

Supreme Court of Arkansas
Opinion delivered October 17, 1988

*Hargis & Wood,* by: *David M. Hargis* and *Jannell C. Dillon,* for appellants.

*Mitchell, Williams, Selig & Tucker,* by: *Byron Freeland* and *Stuart P. Miller,* for appellee.

TOM GLAZE, Justice. The issue presented in this appeal is whether appellants can appeal from a circuit court's order which transferred their case to chancery court. Appellants filed suit in Jefferson County Circuit Court against the appellee, asserting deceit, intentional misrepresentation and breach of contract. Appellants were involved in a condominium development project, and their cause of action was based upon a loan agreement entered into with appellee to finance the project. Appellee answered and counterclaimed, alleging, among other things, that appellants had defaulted on the loan and that appellee was entitled to judgment and to foreclosure. Appellee then moved to transfer the entire case to Jefferson County Chancery Court, and the circuit judge granted the motion. From that order, appellants bring this appeal.

The rule of law that controls the issue here is well established and is set forth in *Contractor Tire & Supply* v. *Tires, Tubes, Wheels,* 274 Ark. 326, 625 S.W.2d 449 (1981); quoting

from *Arkansas Sav. & Loan* v. *Corning Sav. & Loan*, 252 Ark. 264, 478 S.W.2d 431 (1972), this court said:

> [A]n order transferring a cause from circuit to chancery . . . is not appealable, even though it affects a substantial right, because it does not determine or discontinue the action or prevent an appealable judgment, but only transfers the cause to another forum where it continues until disposed of.

Consistent with the foregoing rule, we have also held that before a judgment is final and appealable it must dismiss the parties from the court, discharge them from their action or conclude their rights to the subject matter in controversy. *Corning Bank* v. *Delta Rice Mills, Inc.*, 281 Ark. 342, 663 S.W.2d 737 (1984). *See also* Ark. R. App. P. 2(a)(1) and (2).

■ In *Bassett* v. *Bourland*, 175 Ark. 271, 299 S.W. 13 (1927), the court set out the procedure to which a party must adhere when he or she objects to a circuit court's transfer of a cause to a court of equity. There, we held that upon a transfer of a cause from circuit to the chancery court, the proper course of the party objecting is to appear in the chancery court and move for a retransfer; if denied, the party could choose either to stand upon the motion and refuse to proceed with the trial—in which case the chancellor would no doubt dismiss the party's complaint and enter judgment—or he or she could go to trial in the chancery court and, upon an adverse decree, appeal to this court, thereby testing the jurisdiction of the chancery court. In announcing this procedure, the court in *Bassett* refused to discuss the correctness of the chancery court's decision not to re-transfer to the circuit court; instead, the court stated that, if both courts were wrong, their decisions could only be corrected on appeal.[1]

Appellants cite ARCP Rules 13(a), 18(b) and 42, and discuss *Moore's Federal Practice* and several federal cases in arguing theories they say could eliminate the judicial waste of

---

[1] In fact, this court, on appeal, reviewed the chancery court's failure to re-transfer and held it had erred. The court determined the circuit court had jurisdiction of the matter and since the circuit court's jurisdiction was invoked first, chancery court should have retransferred the cause to circuit court. *See Bassett* v. *Mutual Benefit Health & Accident Ass'n*, 178 Ark. 906, 12 S.W.2d 893 (1929).

time caused by the longstanding rule that does not allow an immediate appeal from an order that transfers a case between courts of law and equity. Appellants' argument actually involves their disagreement with the continuing existence of Arkansas's dual court system, which they characterize as "a cumbersome relic which still breathes."

Aside from how one might characterize or feel about Arkansas's dual court system and the respective jurisdiction reserved to each court, law and equity, Arkansas's required rule and procedure to test a court's jurisdiction is both clear and well-settled. While, as appellants suggest, diseconomy, at times, will be the product when following Arkansas's established rule in these jurisdictional quandaries, we also acknowledge that on other occasions judicial economy will be best served. By allowing both trial courts the first opportunity to decide the jurisdictional issue and to try the merits of the case, an appeal may be avoided altogether. The courts might retransfer the cause or sever part of the proceeding, which could result in ending the jurisdictional problem. Also, in those cases where the jurisdiction question remains after a trial on the merits, this court, on appeal, will benefit from the arguments and evidence presented at trial when deciding close questions as to whether a court correctly retained or transferred the case.

Because we find no compelling reason to break with the longstanding precedent which allows no appeal from an order that transfers a case between a court of law and equity, we reject the appellants' urging that we hold otherwise. Therefore, we dismiss this appeal.