ARKANSAS REAL ESTATE COMMISSION *v.* Frances VETETO, et al.

89-227                                    784 S.W.2d 601

Supreme Court of Arkansas
Opinion delivered February 26, 1990

*Steve Clark*, Att'y Gen., by: *Stacy Van Ausdall*, Asst. Att'y Gen., for appellant.

*John W. Beason*, for appellee.

PER CURIAM. The appellees filed separate complaints with the Arkansas Real Estate Commission (Commission) against licensed real estate brokers, Gary Jenkins and John Massey,

d/b/a Gary Jenkins & Company. The complaints contained various allegations of fraud and misrepresentation. In November 1988, the Commission conducted hearings and revoked the licenses of Gary Jenkins and John Massey. Prior to the commencement of the proceedings before the Commission, Jenkins received a discharge in bankruptcy for all debts except that of Dwight and Beverly Reeves. In February 1989, the Commission ordered John Massey to repay the appellees and directed Jenkins and Massey jointly to pay $8,700 to Dwight and Beverly Reeves.

When appellees had not been paid after thirty days, they asked the Commission for reimbursement from the Real Estate Recovery Fund (Fund) pursuant to Ark. Code Ann. § 17-35-406 (1987).[1] On April 10, 1989, the Commission conducted a hearing and voted unanimously that a total of $58,700 should be paid to the appellees from the Fund. Of the $58,700, Dwight and Beverly Reeves were to receive $8,700, representing payment in full, Edith Raines was to receive the statutory limit of $10,000 and all other appellees were to share the remaining $40,000 on a pro rata basis. The Commission ordered payment of the claims based upon the statutory maximum of $50,000 for the acts of one licensee, Massey, [Ark. Code Ann. § 17-35-406(f)(1) (1989)] and ordered payment in full to the Reeves, the only claim against Jenkins not discharged in bankruptcy.

The appellees appealed the Commission's decision to the Circuit Court of Craighead County pursuant to Ark. Code Ann. § 17-35-408(a) (1987) and the trial judge reversed the order of the Commission. The circuit court ordered the Commission to pay the appellees $100,000 from the Fund, representing the statutory limit of $50,000 per licensee. The Commission appeals from the order of the circuit court.

The preamble of Act 73 of 1979, now codified as Ark. Code Ann. §§ 17-35-401 to -409 (1987), clearly states that the Arkansas Real Estate Commission is to *establish, maintain, and administer* the Real Estate Recovery Fund and also that the

---

[1] Created in 1979, the Real Estate Recovery Fund authorizes payment to victims of unethical and unscrupulous brokers and salesmen not to exceed $10,000 for any one (1) violation, nor $50,000 for the acts of any one (1) licensee. *See*, Ark. Code Ann. § 17-35-406 (Supp. 1989).

Commission shall *determine the amount of damages* suffered by persons as a result of illegal or unethical broker activities. This language reflects the legislature's intent to vest the Commission alone with the power to determine damages. Ark. Code Ann. § 17-35-407(e) (1987) expressly limits the circuit court's jurisdiction:

> The circuit court shall have no jurisdiction or authority to order payments from the fund in any amount in excess of either: (1) the amount determined by the commission; or (2) the limits set forth in § 17-35-406.

■ Here, the Commission determined that a total of $58,700 should be paid to the appellees. On appeal, the circuit court reversed the Commission's ruling and ordered a total of $100,000 to be paid to the appellees, representing the statutory limit of $50,000 for the acts of each licensee. *See*, Ark. Code Ann. § 17-35-406(f)(1) (Supp. 1989). While $100,000 does not exceed the statutory limit with respect to two licensees, it does exceed the amount the Commission ordered to be paid from the Fund. Therefore, it appears doubtful from reading Ark. Code Ann. § 17-35-407(e)(1) (1987) that the circuit court has jurisdiction to order payment of an amount in excess of the amount allowed by the Commission. Another issue also arises in this respect — while the statute in issue is framed in terms of jurisdiction, some question exists whether the limitation set out in that law is actually a matter of jurisdiction. The parties, however, have discussed neither of these issues and while jurisdiction is a matter we will raise on our own, *Arkansas Savings & Loan* v. *Corning Savings & Loan*, 252 Ark. 264, 478 S.W.2d 431 (1972), we are reluctant in this case to decide that question without benefit of briefing. By this per curiam the parties are directed to supplement their briefs on the issues noted above.