U.S. ROOTER ALL TYPE PLUMBING CO., Inc.
*v.* Brenda HOLLIMAN

CA 94-327                    900 S.W.2d 580

Court of Appeals of Arkansas
Division I
Opinion delivered June 28, 1995

*Rice, Adams & Pace*, by: *Gene D. Adams, Jr.*, for appellant.

*Marcus Vaden*, for appellee.

JOHN B. ROBBINS, Judge. U.S. Rooter All Type Plumbing Company, Inc., appeals from a circuit court order finding that the court lacked jurisdiction to hear a complaint filed by the appellee, Brenda Holliman, against appellant. We reverse and remand.

In a complaint filed against appellant in 1990, appellee alleged that appellant violated the Minimum Wage Act (Act) in its employment of appellee. A hearing officer of the Arkansas Department of Labor on May 10, 1990, found that, because of appellant's violations of the Act, appellant owed appellee $7,221.93. That decision was not appealed.

On August 16, 1990, appellee filed a complaint against appellant in circuit court, alleging the same violations of the Act and seeking judgment for $7,221.93. Appellant answered, denying appellee's claim and attaching an employment agreement. Appellee later filed an amended complaint in which she sought $11,570.92 in wages. Appellant denied that it was obligated in any amount to appellee. On August 30, 1993, a hearing was held in circuit court on the merits of appellee's complaint. The trial judge, however, stated in his order that the Department of Labor had issued an order finding that appellant owed appellee $7,221.93; that the Department of Labor was covered by the Arkansas Administrative Procedures Act and an appeal from that order should have been lodged within thirty days; that appellant failed to appeal that order within thirty days and therefore the circuit court had no authority to modify the order; and that appellee was entitled to a judgment of $7,221.93.

Arkansas Code Annotated § 11-4-303(a)(1987) provides: "Upon application of either employer or employee, the Director of the Department of Labor or any person authorized by the director shall have authority to inquire into, hear, and decide disputes

arising from wages earned and shall allow or reject any deduction from wages." The amount in controversy is limited to $1,000.00 by Arkansas Code Annotated § 11-4-301 (1987). On appeal, appellant argues that appellee had an alternative to appealing the hearing officer's decision pursuant to Arkansas Code Annotated § 11-4-304(a)(1987), which provides that "[i]f either employer or employee shall fail or refuse to accept the findings of the director, then either shall have the right to proceed at law as provided." Appellant contends that appellee's action was brought in circuit court pursuant to Arkansas Code Annotated § 11-4-218 (1987), which provides in part:

> (a) Any employer who pays any employee less than minimum wages to which the employee is entitled under or by virtue of this subchapter shall be liable to the employee affected for the full amount of the wages, less any amount actually paid to the employee by the employer, and for costs and such reasonable attorney's fees as may be allowed by the court.

> (b) Any agreement between the employee and employer to work for less than minimum wages shall be no defense to the action.

> (c) The venue of the action shall lie in the circuit court of any county in which the services which are the subject of the employment were performed.

Appellee argues that because the Arkansas Department of Labor is covered under the Administrative Procedures Act (APA) by Arkansas Code Annotated § 25-15-202(a) (Repl. 1992), appellant was required by Arkansas Code Annotated § 25-15-212(b)(1) (Repl. 1992) to file a notice of appeal from the hearing officer's decision within thirty days. Appellee contends that because no notice of appeal was filed, the trial court was correct in finding that it lacked the authority to modify the hearing officer's decision.

In *Thornbrough v. Williams*, 225 Ark. 709, 284 S.W.2d 681 (1955), the appellant contested the constitutionality of Arkansas Statutes § 81-312 (now codified as § 11-4-303). In finding the statute constitutional, the court stated:

> [O]nce the Commissioner has made a finding, the losing

> party has a right to refuse to accept the Commissioner's finding. After such refusal neither party is bound and each party has a right to pursue his remedy in a court of law or, as the statute says "they shall have the right to proceed at law as now or hereafter provided." It appears to us that actually the statute simply provides a forum in which the employer and employee may settle their differences if they so desire. Under this interpretation of the act it has been urged that the act is meaningless and useless, but we do not think so. Through the many years that this statute has been in existence it is not unreasonable to suppose that many small claims have been adjusted to the satisfaction of all concerned without having had to resort to the trouble and expense of court procedure which would otherwise have been necessary.

225 Ark. at 713. The court also found that the statute "contemplates no appeal" but provides instead that in case either party does not agree with the finding, "he has the right to institute an original action in a court of law." 225 Ark. at 714.

In *Travelers Indemnity Co. v. Ark. Monroe, III, Insurance Commissioner of The State of Arkansas*, 257 Ark. 1029, 522 S.W.2d 431 (1975), the appellant argued that a section of the Insurance Code was in irreconcilable conflict with the APA. The court stated:

> The plain words of the Administrative Procedure Act in [Ark. Code Ann. § 25-15-212], covering judicial review of an adjudication by an agency subject to the act, are, "Nothing in this Section shall be construed to limit other means of review provided by law." If words have not lost their meaning, this sentence means exactly what it says and appellant was entirely within its rights when it sought judicial review under the appropriate Insurance Code Section.

257 Ark. at 1030-31. The court found that the APA provides an alternate appellate procedure and jurisdiction for the judicial review of an adjudication by an agency subject to the APA. 257 Ark. at 1031. *See also Estes v. Walters*, 269 Ark. 891, 601 S.W.2d 252 (1980); *Arkansas Sav. & Loan Ass'n Bd. v. Corning Sav. & Loan Ass'n*, 252 Ark. 264, 478 S.W.2d 431 (1972).

 Clearly, either party had the right to institute an original action in a court of law, and the trial court erred in finding that it lacked jurisdiction to hear this matter. We therefore reverse and remand for proceedings consistent with this opinion.

Reversed and remanded.

COOPER and MAYFIELD, JJ., agree.