THE FEDERAL LAND 'BANK OF ST. LOUIS *v.* DUFFEY.

4-4411

Opinion delivered November 9, 1936.

*Guy V. Head, J. R. Crocker* and *L. F. Reeder,* for appellant.

*Wade Kitchens* and *Wade Kitchens, Jr.,* for appellees.

HUMPHREYS, J. This is a foreclosure proceeding brought in the chancery court of Columbia county on March 20, 1936, by appellant against appellee, seeking to enforce its mortgage lien for $4,004.95 against the real estate described in the mortgage.

On April 27, following, appellant applied for a receiver merely for the purpose of the sequestration of the rents on the ground that the lands were not of sufficient value to secure the entire indebtedness. The application for a receiver was made under § 8612 of Crawford & Moses' Digest, which is as follows: "In an action by a mortgagee for the foreclosure of his mortgage and the sale of the mortgaged property, a receiver may in like manner be appointed where it appears that the mortgaged property is in danger of being lost, removed or materially injured, or that the conditions of the mortgage has not been performed, and that the property is probably insufficient to discharge the mortgage debt."

No evidence was introduced as to the value of the lands, but it was conceded and found by the court that said lands were not of sufficient value to secure the entire indebtedness. Thereupon, the court refused to appoint a receiver and dismissed the application, from which is this appeal.

Appellee contends that the order refusing to appoint a receiver was an interlocutory order and not appealable. It is unnecessary to decide that question, as the statute authorizing the appointment of a receiver, invoked by the appellant, is not mandatory, but leaves it in the sound discretion of the court to appoint or refuse to appoint a receiver. Hughes on Arkansas Mortgages, § 394. There is no evidence in the record showing that the court abused its discretion in refusing to appoint a receiver.

It is also unnecessary to a decision in this case to decide whether act 253 of 1931 is constitutional.

The two undecided questions are reserved.

No error appearing, the decree is affirmed.