**Theresa J. HAINES**

v.

**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, Crawford & Company and Joe Vallot.**

**Civ. A. No. H–92–2892.**

United States District Court,
S.D. Texas,
Houston Division.

Feb. 1, 1993.

Donna Roth, Houston, TX, for plaintiff.

Michael J. Reviere, Benckenstein, Norvell & Nathan, Houston, TX, John L. Ross, Thompson, Coe, Cousins & Irons, L.L.P., Dallas, TX, for defendant.

## MEMORANDUM AND ORDER

CRONE, United States Magistrate Judge.

Pending before the Court is Plaintiff's Motion for Leave to File Motion for Remand (Docket Entry #4). After considering Plaintiff's motion, Defendant's response, and the supporting authority cited by the parties, this Court is of the opinion that Plaintiff's motion should be denied.

I. *Background.*

On August 18, 1992, Plaintiff Theresa J. Haines filed her First Amended Original Petition in the County Civil Court at Law No. 1 of Harris County, Texas. In her amended petition, Haines asserted claims for breach of the duty of good faith and fair dealing and intentional misconduct against Defendants, National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union") (an insurance carrier), Crawford & Company ("Crawford") (an adjusting firm), and Joe Vallot ("Vallot") (an employee of Crawford), seeking actual damages of $100,000 and punitive damages of $250,000.

On September 21, 1992, Defendants removed the state court action to federal court on the basis of diversity of citizenship and the requisite jurisdictional amount. Haines is a citizen of Texas. National Union is a Pennsylvania corporation with its principal place of business in New York. Crawford is a Georgia corporation with its principal place of business in Georgia. Vallot is a resident of Texas. On November 9, 1992, forty-nine days after the notice of removal was filed, Haines filed her motion for leave to file motion for remand, alleging that this case is nonremovable under 28 U.S.C. § 1445(c) because it arises under the Texas workmen's compensation laws and that the joinder of Vallot, a Texas resident, precludes removal and destroys diversity jurisdiction.

II. *Analysis.*

▮ Haines' motion for leave to file motion to remand was not filed within thirty days after the filing of the notice of removal, as required by 28 U.S.C. § 1447(c). Because it was untimely, Haines waived any objections she might have had to the removal process or to the removability of the underlying action, as long as the action could have been brought in federal court originally. *See Baris v. Sulpicio Lines, Inc.,* 932 F.2d 1540, 1543–44 (5th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 430, 116 L.Ed.2d 449 (1991); *In re Shell Oil Co.,* 932 F.2d 1518, 1528 (5th

Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 914, 116 L.Ed.2d 814 (1992). Haines' contention that removal is precluded by 28 U.S.C. § 1445(c) relates to the removability of the underlying proceeding, not to subject matter jurisdiction, and cannot now be raised. *See Lirette v. N.L. Sperry Sun, Inc.,* 820 F.2d 116, 117 (5th Cir.1987) (en banc). In fact, the Supreme Court has recognized that a case seeking workers' compensation benefits, although nonremovable under § 1445(c), may be brought originally in federal court if other jurisdictional prerequisites are met. *See Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 352, 81 S.Ct. 1570, 1573, 6 L.Ed.2d 890 (1961). Hence, even assuming that § 1445(c) prohibited removal of this case, Haines waived her right to object to this defect by her failure to object timely pursuant to 28 U.S.C. § 1447(c). *See Neurological ·Studies & Treatment Found. v. National Union Fire Ins. Co.,* No. 3–92–CV–1416–H (N.D.Tex. Sept. 7, 1992); *Enriquez v. National Union Fire Ins. Co.,* No. DR–91–CA–0049 (W.D.Tex. Dec. 31, 1991); *Cook v. Shell Chem. Co.,* 730 F.Supp. 1381, 1382 (M.D.La.1990).

■ Notwithstanding the procedural bar, 28 U.S.C. § 1445(c) does not preclude the removal of this case because Haines does not allege a statutory cause of action under the workmen's compensation laws of Texas. Instead, Haines' claim of breach of the duty of good faith and fair dealing is a common law cause of action which arises apart from any right to recover for a job-related injury under the Texas Workers' Compensation Act. *See Aranda v. Insurance Co. of Am.,* 748 S.W.2d 210, 215 (Tex. 1988). The main premise of this cause of action is that the insurance carrier's lack of good faith, separate and independent from the original job-related injury, proximately caused damages. *Id.; Izaguirre v. Texas Employers' Ins. Ass'n,* 749 S.W.2d 550, 553 (Tex.App.—Corpus Christi 1988, writ denied). The damages Haines seeks are extra-contractual damages for independent torts causing injuries distinct from injuries compensable under the Workers' Compensation Act, such as damages to her credit, reputation, and ability to secure employment. *See Rodriguez v. American Gen. Fire & Cas. Co.,* 788 S.W.2d 583, 586 (Tex. App.—El Paso 1990, writ denied).

The purpose of § 1445(c) is to insure that state courts have the primary responsibility for interpreting and applying workers' compensation laws. Unlike the various provisions of the Texas Workers' Compensation Act, such as those applicable to Haines' workers' compensation claim which is before the state court in a separate action, the duty of good faith and fair dealing is a judicially-created obligation owed by all insurers and applicable to all policies of insurance.[1] *Id.* at 212. Thus, many bad faith claims have nothing to do with the Workers' Compensation Act.[2] To single out bad faith claims based upon a wrongful denial of workers' compensation benefits for disparate treatment, by preventing their removal, would unnecessarily expand the reach of § 1445(c). *See Bittner v. Transp. Ins. Co.,* Nos. G–92–265 and G–92–318 (S.D.Tex. Oct. 5, 1992). Therefore, because this case does not arise under the Texas Workers' Compensation Act, but apart from it, § 1445(c) presents no bar to its removal.[3] *Roach v. Transcontinental*

---

[1]. Because the duty of good faith and fair dealing is a judicially-created, common law cause of action, the court's reasoning in *Jones v. Roadway Express,* 931 F.2d 1086 (5th Cir.1991), which involves a statutorily based cause of action prohibiting retaliation against workers' compensation claimants, is not applicable.

[2]. Although Haines' ability to recover in this suit may hinge upon whether she is awarded workers' compensation benefits in state court, it does not mean that her bad faith cause of action arises under the Texas workers' compensation laws. Often, the liability of an insurance company may depend upon the outcome of an underlying proceeding. If the carrier refuses to pay and the insured brings suit for breach of the carrier's duty of good faith and fair dealing, it cannot be said that the resulting suit arises under the substantive law of the prior action. *But see Almanza v. Transcontinental Ins. Co.,* No. 3–92–CV–1619–H (N.D.Tex. Oct. 1, 1992).

[3]. The decisions of the courts in *Allsup v. Liberty Mut. Ins. Co.,* 782 F.Supp. 325 (N.D.Tex.1991) and *Watson v. Liberty Mut. Fire Ins. Co.,* 715 F.Supp. 797 (W.D.Tex.1989) are inapposite, as they involve bad faith claims joined with workers' compensation claims for job-related injuries.

*Ins. Co.*, No. H–92–1790 (S.D.Tex. Nov. 5, 1992); *Bittner v. Transp. Ins. Co.*, Nos. G–92–265 and G–92–318 (S.D.Tex. Oct. 5, 1992); *Neurological Studies & Treatment Found. v. National Union Fire Ins. Co.*, No. 3–92–CV–1416–H (N.D.Tex. Sept. 7, 1992); *Ross v. United States Fire Ins. Co.*, No. 4–91–800–K (N.D.Tex. Apr. 21, 1992); *Bastian v. Travelers Ins. Co.*, 784 F.Supp. 1253, 1256 (N.D.Tex.1992); *Powers v. Travelers Ins. Co.*, 664 F.Supp. 252, 254 (S.D.Miss.1987).

■ Because Haines' challenge to diversity jurisdiction goes to subject matter jurisdiction, it remains viable despite the untimeliness of her motion to remand. Defendants contend, however, that Vallot was fraudulently joined and should be disregarded when assessing the applicability of diversity jurisdiction and determining the propriety of removal. *See Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 101–02 (5th Cir.), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990); *Alcom Elec. Exch., Inc. v. Burgess*, 849 F.2d 964, 969 (5th Cir.1988); *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir.1979); *Villar v. Crowley Maritime Corp.*, 780 F.Supp. 1467, 1473 (S.D.Tex.1992). In order to establish fraudulent joinder, the removing party must show either that there was no possibility that plaintiff would be able to establish a cause of action against the in-state defendant or that there has been outright fraud in plaintiff's pleading of jurisdictional facts. *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir.1989); *Robinson v. National Cash Register Co.*, 808 F.2d 1119, 1123 (5th Cir.1987); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981); *Villar*, 780 F.Supp. at 1473. The determination of the question of fraudulent joinder is based on the causes of action alleged in the complaint as it existed at the time of removal. *See Tedder*, 590 F.2d at 116; *Coughlin v. Nationwide Mut. Ins. Co.*, 776 F.Supp. 626, 628 (D.Mass. 1991); *Ford v. Murphy Oil U.S.A., Inc.*, 750 F.Supp. 766, 769 (E.D.La.1990); *Gray v. United States Fidelity & Guar.*, 646 F.Supp. 27, 29 (S.D.Miss.1986). *See also Pullman Co. v. Jenkins*, 305 U.S. 534, 537, 59 S.Ct. 347, 349, 83 L.Ed. 334 (1939);

*FSLIC v. Griffin*, 935 F.2d 691, 696 (5th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1163, 117 L.Ed.2d 410 (1992); *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir.1991); *In re Carter*, 618 F.2d 1093, 1101 (5th Cir.1980), *cert. denied*, 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981).

■ This Court finds that based on Haines' first amended original petition, there is no possibility that she will be able to establish a cause of action against Vallot. The only cause of action alleged by Haines against Vallot is that he and the other defendants violated a duty of good faith and fair dealing and engaged in intentional misconduct by refusing or delaying payment of workers' compensation benefits. While Texas law imposes a duty of good faith and fair dealing on insurance carriers and possibly on adjusting firms, the duty does not extend to individual employees of adjusting firms, such as Vallot. *Roach v. Transcontinental Ins. Co.*, No. H–92–1790 (S.D.Tex. Nov. 5, 1992); *Bittner v. Transp. Ins. Co.*, Nos. G–92–265 and G–92–318 (S.D.Tex. Oct. 5, 1992); *Bracy v. Liberty Mut. Fire Ins., Co.*, No. 3–91–1172–T (N.D.Tex. Aug. 20, 1991); *Natividad v. Alexsis, Inc.*, 833 S.W.2d 545, 548 (Tex.App.—El Paso 1992, writ granted); *Hartford Cas. Ins. Co. v. Walker Cty. Agency*, 808 S.W.2d 681, 686 (Tex.App.—Corpus Christi 1991, no writ).

■ Generally, an agent is not personally liable on contracts made on behalf of his principal, if the agent was acting within the scope of his authority. *Corpus Christi Dev. Corp. v. Carlton*, 644 S.W.2d 521, 523 (Tex.App.—Corpus Christi 1982, no writ). When an agent exceeds his authority under the agency agreement, he becomes personally liable. *See Schwarz v. Straus–Frank Co.*, 382 S.W.2d 176, 178 (Tex.Civ.App.—San Antonio 1964, writ ref'd n.r.e.). An agent may also be held liable for misrepresentations to an insured and for certain deceptive trade practices. *See GAB Business Services v. Moore*, 829 S.W.2d 345, 349 (Tex.App.—Texarkana 1992, no writ); *State Farm Fire & Cas. Co. v. Gros*, 818

S.W.2d 908, 913 (Tex.App.—Austin 1991, no writ). In the instant case, where there are no allegations in the pleadings that Vallot was acting outside the scope of his authority, that he made misrepresentations to Haines, or that he engaged in deceptive trade practices, there is no basis upon which he could be found personally liable. *See Bittner v. Transp. Ins. Co.,* Nos. G–92–265 and G–92–318 (S.D.Tex. Oct. 5, 1992); *Lane v. CNA Ins. Co.,* No. A–92–CA–006 (W.D.Tex. Aug. 7, 1992). Vallot owed a duty only to his employer, Crawford, a duty that would be inconsistent with any alleged duty owed to Haines. *Id.* In addition, Vallot neither issued the insurance policy nor contracted with the carrier to provide adjusting services. Therefore, there is no contractual basis upon which a duty to Haines may attach to Vallot. *See Natividad,* 833 S.W.2d at 548. Moreover, Haines failed to identify specifically any actionable acts or omissions of Vallot individually or to set forth any facts indicating a special relationship between Haines and Vallot. *See Bracy v. Liberty Mut. Fire Ins. Co.,* No. CA–3–1172–T (N.D.Tex. Aug. 20, 1991). Thus, Vallot's presence in the suit may be disregarded for diversity and removal purposes. As a result, this Court has subject matter jurisdiction over the instant case.[4]

### III. *Conclusion.*

This case was properly removed by Defendants. By failing to file her motion to remand on a timely basis, Haines waived any right to object to removability based on 28 U.S.C. § 1445(c) or on any procedural defect. Because this case does not arise under the Texas workers' compensation laws, § 1445(c) does not preclude removal. Vallot was fraudulently joined as a defendant and may be ignored for jurisdictional purposes, thus presenting no impediment to removal. Therefore, Plaintiff's Motion for Leave to File Motion for Remand is

DENIED. Accordingly, Defendants' Motion to Stay Order of Remand and to Certify Controlling Questions (Docket Entry # 1) is DENIED as moot.

IT IS SO ORDERED.

---

**4.** Haines' efforts in her brief in support of the motion for remand to inject other potential causes of action to defeat removal are unavailing. Because there was no jurisdictional infirmity at the time the case was removed, Haines cannot oust the court of jurisdiction by later asserting new causes of action. *See Pfeiffer,* 929

F.2d at 1488; *Henry v. Indep. Am. Sav. Ass'n.,* 857 F.2d 995, 998 (5th Cir.1988); *Bank IV Salina, N.A. v. Aetna Cas. & Sur. Co.,* 783 F.Supp. 1315, 1317 (D.Kan.1992); *Robinson v. Quality Ins. Co.,* 633 F.Supp. 572, 577 (S.D.Ala.1986); *Comstock Ceiling v. Morgan,* 165 F.Supp. 798, 801 (D.Mo.1958).