NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH,
Plaintiff,

v.

LIBERTY MUTUAL INSURANCE COM-
PANY; Sam Ingram; State Industries;
David Lassiter, Defendants.

Civ. A. No. 94–D–1497–N.

United States District Court,
M.D. Alabama,
Northern Division.

Feb. 17, 1995.

Walter R. Byars, Montgomery, AL, John
F. McDaniel, William J. McDaniel, Matthew
W. Veal, Birmingham, AL, for plaintiff.

Samuel H. Franklin, Adams K. Peck, John
B. Dulin, Birmingham, AL, for Liberty Mut.
Ins. Co. and Sam Ingram.

Clement C. Torbert, Jr., Peter S. Fruin,
Montgomery, AL, James L. Priester, Bir-
mingham, AL, for State Industries and David
Lassiter.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

This matter is presently before the court
on 1) Defendants' Motion to Dismiss or Stay
or, in the Alternative, Transfer to the United
States District Court for Massachusetts, filed
November 28, 1994; and 2) Plaintiff's, Na-
tional Union Fire Insurance Company (here-
inafter "National Union"), Motion to Remand
the above-styled action to the Circuit Court
of Lowndes County, Alabama, filed Decem-
ber 19, 1994. National Union filed a support-
ing brief contemporaneously with its Motion
to Remand. For reasons articulated below,
Plaintiff's Motion to Remand this action to
the Circuit Court of Lowndes County, Ala-
bama is due to be granted, which removes

the court's authority to adjudge Defendants' motions on the merits.

## BACKGROUND

From November 1, 1989, until November 1, 1990, Liberty Mutual Insurance Co. (hereinafter "Liberty Mutual") provided State Industries, Inc. (hereinafter "State Industries") with liability insurance for personal injury claims up to two million dollars ($2,000,000.00) per occurrence. During this period, National Union Fire Insurance Company (hereinafter "National Union") provided State Industries with first layer excess liability insurance of fifteen million dollars ($15,000,000) for personal injury claims (against State Industries). Therefore, National Union's obligation arose only in the event State Industries exhausted its $2,000,000 primary policy limit provided by Liberty Mutual.

On December 17, 1989, Joyce Simpson died, and Louisiana Waddell, Felicia D. Simpson and Janice D. Simpson suffered personal injuries from carbon monoxide poisoning while they slept in Ruth McCord's mobile home. Subsequently, Ruth McCord, Louisiana Waddell and Annie Harris, as administratrix of the estate of her deceased minor daughter Joyce Simpson and as next friend and mother of her minor children, Felicia D. Simpson and Janice D. Simpson, brought a products liability suit against State Industries and others. The plaintiffs based their claims on the Alabama Extended Manufacturer's Liability Doctrine, negligence, and wanton failure to warn theories. Plaintiffs claimed that a defective Kenmore II gas water heater manufactured by State Industries caused the carbon monoxide poisoning.

Liberty National provided State Industries with a defense in that action. Liberty Mutual contends that before and during the trial of the underlying action it engaged in extensive and meaningful settlement discussions with the plaintiff's counsel in the underlying action. On February 28, 1990, the court in the underlying action entered judgment on the jury's verdict against State Industries, assessing $12,000,000 in compensatory and punitive damages. State Industries appealed the verdict, and on September 10, 1990, the Alabama Supreme Court affirmed the trial court's judgment entered on the jury verdict, conditioned upon the remittitur of the compensatory damage awards by the amount $4,649,999.00.[1] The affirmed amount of the verdict was $7,350,001.00. Subsequently, Liberty Mutual, on behalf of State Industries tendered to Elsie Davis, Court Clerk, Lowndes County, Alabama, Liberty Mutual's $2,000,000 policy limits.

On July 6, 1994, Liberty Mutual received a letter from National Union requesting that Liberty Mutual tender to National Union $5,350,001.00, the difference between the judgment entered by the Alabama Supreme Court and the amount tendered to the Lowndes County Court Clerk. In the letter, National Union asserted that because of Liberty Mutual's alleged wrongful conduct in failing to settle the plaintiffs' claims against State Industries within Liberty Mutual's primary policy limit, Liberty Mutual had breached its duty to National Union under the excess policy between State Industries and National Union.[2]

Liberty Mutual brought a declaratory judgment action against National Union on October 4, 1994, in the United States District Court for the District of Massachusetts (hereinafter the "Massachusetts Action").[3] In the Massachusetts Action, Liberty Mutual seeks a ruling that it exercised good faith in attempting to settle the underlying action. In the Massachusetts Action, Liberty National also seeks a declaration that Liberty National owed no duty to National Union be-

1. See *Sears, Roebuck & Co. v. Harris*, 630 So.2d 1018 (Ala.1993).

2. See Letter of W.J. McDaniel, John F. McDaniel and Matthew Veal, counsel for National Union, dated July 6, 1994.

3. Defendants contend that the United States District Court for the District of Massachusetts has proper subject matter jurisdiction over the Massachusetts Action by virtue of diversity of citizenship—National Union is headquartered in Pennsylvania and has its principal place of business in New York, while Liberty National is a Massachusetts insurance company with its principal place of business in Massachusetts. Moreover, Defendants assert that venue is proper and National Union is amenable to personal jurisdiction in the District of Massachusetts.

yond any obligation Liberty Mutual owed to State Industries.

■ National Union did not file an answer to Liberty Mutual's complaint in the Massachusetts Action, but rather filed the above-styled action in the Circuit Court of Lowndes County, Alabama, on October 19, 1994. On November 21, 1994, Defendants filed a Notice of Removal to this court. Defendants contends that this court has original jurisdiction of this action as National Union and Defendants are of diverse citizenship and the amount in controversy exceeds FIFTY THOUSAND DOLLARS ($50,000). Defendants contend that National Union fraudulently joined Sam Ingram, an Alabama citizen and former Liberty Mutual employee, for the eminent purpose of depriving the court of jurisdiction. On December 19, 1994, National Union filed its motion to remand this action to the Circuit Court of Lowndes County, Alabama.

### DISCUSSION & ANALYSIS

Section 1441(b) of 28 U.S.C. provides that: [a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the.... laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought.

Since this action presents no federal question, the court's jurisdiction pivots on whether this action contains properly joined defendants who are citizens of Alabama.

Sam Ingram (hereinafter "Ingram"), a named defendant in this action, is an Alabama citizen;[4] however, Defendants contend that Ingram's presence in this action constitutes fraudulent joinder. Defendants allege that Plaintiff has crafted its claim in a manner to defeat diversity jurisdiction. Defendant further claims that National Union's tort claim against Ingram is nothing more than an insurance dispute or equitable subrogation claim against Liberty Mutual and the tort actions against Defendants are invalid.

■ The removing parties bear the burden of proving that the joinder of the resident defendant was fraudulent. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir.1989) (citing *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir.1983)); *see also Lane v. Champion International Corp.*, 827 F.Supp. 701 (S.D.Ala.1993). "The burden on the defendant [in establishing fraudulently joinder] is high; its presentation must be one that compels the conclusion that the joinder is without right and made in bad faith....'" *Frontier Airlines, Inc. v. United Airlines, Inc.*, 758 F.Supp. 1399, 1404 (D.Colo.1989) (quoting *Chesapeake & Ohio Railway Co. v. Cockrell*, 232 U.S. 146, 152, 34 S.Ct. 278, 280, 58 L.Ed. 544, 547 (1914)). "If there is even a *possibility* that a state court would find that the complaint states a cause

---

4. National Union contends that Ingram and the other defendants committed or omitted the following wrongful acts:

1) negligently or wantonly delayed National Union's notice of the personal injury and wrongful death claims against State Industries (Pl.'s Comp., ¶ 17);
2) negligently or wantonly failed and refused to provide National Union with information relating to the status of the personal injury or wrongful death claims against State Industries (Pl.'s Comp., ¶ 17);
3) negligently or wantonly failed and refused to enter into meaningful or good faith settlement negotiations (Pl.'s Comp., ¶ 17);
4) intentionally interfered with the contract of excess insurance and the business relation between National Union and State Industries with knowledge thereof (Pl.'s Comp., ¶ 20);

5) concealed and withheld information relating to the status of the personal injury and wrongful death claims including, but not limited to, withholding and concealing material facts from National Union (relating to and such as the defendants' failure and refusal to engage in meaningful or good faith settlement negotiations), thereby preventing National Union from evaluating its monetary liability and limiting said evaluation (Pl.'s Comp., ¶ 22);
6) engaged in a tortious conspiracy in an effort to accomplish the unlawful or oppressive result consisting of, but not limited to, the verdict in excess of the primary policy's liability limits (Pl.'s Compl., ¶ 24); and
7) breached an implied contract of indemnity that arose in favor of National Union was forced to pay the Court's judgment in excess of the primary liability policy's limits of coverage (Pl.'s Compl., ¶ 26).

of action against any one of the resident defendants, the court must find that the joinder was proper and remand the case to the state court." *Coker*, 709 F.2d at 1440–41. [Italics supplied.] A fraudulent joinder claim must be "asserted with particularity and supported by clear and convincing evidence." *Lane*, 827 F.Supp. at 706 (citing *Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir.1962), *cert. denied*, 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964)).

■ The United States Eleventh Circuit Court of Appeals has instituted the following two-tiered test for determining whether a defendant has been fraudulently joined: "(1) look to see whether there is *no possibility* the plaintiff can establish any cause of action against the resident defendant; and (2) look to see whether plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Insinga v. LaBella*, 845 F.2d 249, 254 (11th Cir.1988); *see also Keating v. Shell Chemical Co.*, 610 F.2d 328 (5th Cir.1980); *Tedder v. F.M.C. Corp.*, 590 F.2d 115 (5th Cir.1979).[5] [Italics supplied.] Such determinations should be reached based upon the plaintiff's pleadings at the time of removal, *Cabalceta*, 883 F.2d at 1561 (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537, 59 S.Ct. 347, 349, 83 L.Ed. 334 (1939)); *Coker*, 709 F.2d at 1440 (citations omitted); *Haines v. National Union Fire Insurance Co.*, 812 F.Supp. 93 (S.D.Tex.1993) (citations omitted), and the district courts are directed to resolve all questions of fact and controlling law in favor of the plaintiff. *Cabalceta*, 883 F.2d at 1561.

The court finds that Defendants in this action have failed to sufficiently prove that there is no possibility that National Union may lodge an actionable claim against Ingram, the nondiverse citizen. Defendants allege that the Plaintiff's only claims against any defendant flows from the contractual arrangement between State Industries. National Union alleges that the individual de-

fendants (based on their positions with State Industries) are liable to it for their intentional, wanton or negligent conduct in discharging their functions. Even if the court were to conclude that Defendants were correct in their assertion that Plaintiff's recourse was grounded in contract, the court is unconvinced that this action should not be remanded.[6]

Alabama's law regarding the relationship between excess insurance carriers and primary insurance carriers is nebulous. Apparently, the Alabama Supreme Court has not determined this precise issue. When faced with the issue of whether an excess insurer may maintain an action against a primary insurer or its agent, the Alabama Supreme Court determined that that issue was not before the court. *See Nationwide Mutual Insurance Co. v. Hall*, 643 So.2d 551. (Ala. 1994). In *Hall*, the court stated:

"[w]e recognize that a number of courts in other jurisdictions have recognized that a primary insurance carrier owes a duty of good faith to an excess insurance of its insured and on that basis have allowed an excess insurer to bring a claim of bad faith against a primary insurer. [Citations omitted.] A few courts have even recognized a direct duty owed by a primary insurer to an excess insurer and have permitted excess insurers to bring claims of bad faith against primary insurers without being limited to asserting rights as subrogees of their insureds." [Citations omitted.]

*Hall*, 643 So.2d at 562–63. The court in *Hall* went on to note that:

"[o]ne factual premise of this cause of action, however, is that the insurer bringing the claim is an excess insurer of the insured. Because Nationwide's insurance is primary, and not excess, we do not address the merits of this issue."

*Hall*, 643 So.2d at 563.

■ Based on the foregoing excerpt from *Hall*, the court is unable to conclude that

---

5. The United States Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit Court of Appeals that were rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206.

6. Plaintiff contends, and Defendants do not deny, that Ingram was the claims representative or "adjuster" for Liberty Mutual and was responsible for the handling and defense of the personal injury and wrongful death claims brought against State Industries in the underlying litigation.

there is no possibility that Plaintiff can prevail in this action. Therefore, given the extremely high burden placed on removing parties to prove fraudulent joinder, the Court finds that if the Alabama courts have not determined the issue, then the removing party has failed to demonstrate that Plaintiff has not sufficiently demonstrated that Plaintiff possesses *no possibility* to succeed on the merits of its claim(s) against Ingram. Furthermore, the court deems that it is improper for a federal district court to create state law by articulating what the law of the State is not, especially where, as here, the State court has not determined the issue but has recognized that the principle/law exists. The court feels that it must speak where Alabama law has been determined and be silent where Alabama law has not been determined. Accordingly, the Court must conclude that the rigid standard adopted by the United States Eleventh Circuit Court of Appeals has not been satisfied and finds that Plaintiff's motion to remand this action to the Circuit Court of Lowndes County, Alabama, is due to be granted.

 Liberty National seeks to transfer this action to the United States District Court for the District of Massachusetts, or to dismiss this action or, in the alternative, to stay this action until the United States District Court for the District of Massachusetts has determined or disposed of the Massachusetts Action. Liberty National contends that the above-styled action is identical to the Massachusetts Action and should the court decide to act in this matter it would result in duplicative effort and judicial waste.

Even if the court were inclined to grant one of the foregoing motions, it may not do so. The Court must possess jurisdiction before it may rule on Defendant's requested motions. The Court has determined that this case is due to be remanded; therefore, not having jurisdiction, it must decline Defendants' invitation to determine their motions on the merits.[7]

---

**7.** The court notes that it received the Hon. C.C. Tolbert Jr.'s Request for Oral Argument regarding the motions pending in this action. Unfortunately, the court does not possess the resources to facilitate the many requests for oral argument it receives. The court has 400 pending cases on

## CONCLUSION

In the case at bar, Defendants have failed to demonstrate that Plaintiff cannot possibly articulate a viable claim against Sam Ingram. Therefore, the court cannot conclude that Ingram was fraudulently joined. Accordingly, it is

CONSIDERED and ORDERED that Plaintiff's Motion to Remand the above-styled action to the Circuit Court of Lowndes County, Alabama be and the same is hereby GRANTED.

The clerk is DIRECTED to take the necessary action to effect said REMAND.

---

its civil docket and a great number of others on its criminal docket. The court assures the parties that all pleadings have been impartially weighed and that all issues have been properly examined in reaching its determination in this action.